UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER D. MANGUM,<br><br>    Plaintiff,<br><br>   -vs-<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,[1]<br><br>    Defendant. | NO.   CV-12-0414-WFN<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-Motions for Summary Judgment (ECF Nos. 17 and 18). Attorney Maureen J. Rosette represents Plaintiff. Special Assistant United States Attorney Benjamin J. Groebner represents Defendant. The Court has reviewed the administrative record and briefs filed by the parties and is fully informed.

**JURISDICTION**

Plaintiff protectively applied for disability insurance and supplemental security income benefits on September 29, 2009, alleging disability beginning on July 1, 2008, due to physical and mental impairments. The applications were denied initially and on reconsideration.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

A hearing was held before Administrative Law Judge (ALJ) Moira Ausems on December 17, 2010. At the hearing, Plaintiff, represented by counsel, testified as did Thomas A. Polsin, a vocational expert (VE), and Danielle Hoppins, Plaintiff's fiancee. The ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court. Plaintiff sought judicial review on June 22, 2012.

**FACTS**

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here. Plaintiff was twenty nine years old at the time of the hearing. Plaintiff testified that he dropped out of high school, but completed his GED. (Tr. at 44.) Plaintiff received vocational training as an electrician's helper through Job Corps, but never pursued credentials necessary to employment as an electrician. (Tr. at 44-45.) Plaintiff has worked in a variety of industries including telemarketing (Tr. at 52), fast food restaurants (Tr. at 53), and landscaping and construction (Tr. at 54-55).

Plaintiff's life has not been easy. Plaintiff grew up in foster care. (Tr. at 46.) After leaving foster care, Plaintiff was homeless. (Tr. at 46.) Plaintiff has a history of illegal drug use and continues to use marijuana to ease his pain. Plaintiff has at least one felony conviction. (Tr. at 67, 150, 429.) Plaintiff complains of short term memory loss, possibly caused by hear injuries. (Tr. at 59-60.) Plaintiff has been fired from several jobs based at in least in part on his volatile temper. (Tr. at 56, 58, 62.) On other occasions, Plaintiff has simply walked off the job because of disagreements with his employers. (Tr. at 62.)

Since the alleged onset of Plaintiff's disability, he spends most of his time reading or on his laptop computer—watching shows or browsing the internet—while in a reclined or horizontal position. (Tr. at 68-69.) Plaintiff also has a daughter whom he visits once a week. (Tr. at 69.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193-94 (9th 2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ADMINISTRATIVE DECISION

At step one, the ALJ determined that Plaintiff did not engage is substantial gainful activity since July 1, 2008.

At step two, the ALJ found that Plaintiff had the following severe impairments: scoliosis, degenerative joint disease of knees, right shoulder impingement syndrome, a provisional cognitive disorder, depressive disorder, antisocial personality disorder, and cannabis dependence (20 C.F.R. §§ 404.1520(c) & 416.920(c)).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

1   At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC)
2   to perform light work, subject to numerous physical and social limitations. The ALJ
3   concluded that Plaintiff was unable to perform any past relevant work.

4   At step five, the ALJ concluded that, given Plaintiff's age, education, work experience,
5   and RFC, there were jobs that existed in significant numbers in the national economy that
6   Plaintiff could perform, including work as a small parts assembler, photo copy machine
7   operator, or mail room clerk.

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. [*Tackett*, 180 F.3d at 1097]. Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the ALJ did not apply the proper

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

legal standards in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ISSUES

1. In determining Plaintiff's RFC, did the ALJ err in rejecting the opinions of Plaintiff's examining psychologists concerning Plaintiff's mental impairments?

2. Does substantial evidence support the ALJ's conclusion that Plaintiff's mental impairments do not preclude him from working?

## DISCUSSION

**1. <u>In determining Plaintiff's RFC, did the ALJ err in rejecting the opinions of Plaintiff's examining psychologists concerning the extent of Plaintiff's mental impairments?</u>**

Plaintiff argues that the ALJ did not properly consider the opinions of his examining psychologists. The Court disagrees.

In weighing medical source opinions, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The opinion of a treating physician is entitled to more weight than the opinion of an examining physician. *Id.* The opinion of an examining physician is entitled to greater weight than a nonexamining physician. *Id.*

An ALJ must review the entire medical record and cite valid reasons for rejecting a physician's opinion when determining Plaintiff's functional limitations. When an examining physician's opinion is uncontradicted by any other physician, the ALJ must "provide 'clear

and convincing' reasons for rejecting the . . . opinion of [the] examining physician." *Id.* (quoting *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). When the examining physician's opinion is contradicted by another physician, the examining physician's opinion can "only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31 (citing *Andrews*, 53 F.3d at 1043).

In this case, Plaintiff provided records from three examining psychologists: John Arnold, Ph.D., W. Scott Mabee, Ph.D., and Kathy Holmes, Ph.D. As Plaintiff points out, these psychologists diagnosed Plaintiff with various psychiatric disorders and opined that the disorders would likely affect his ability to work. The opinions of Drs. Arnold, Mabee, and Holmes, however, are not entirely consistent with each other and do not equivocally establish that Plaintiff's mental impairments preclude him from working. Furthermore, the opinion of examining psychologist James Bailey, Ph.D. contradicts certain diagnoses made by Drs. Arnold, Mabee, and Holmes. Dr. Bailey performed a psychiatric review of Plaintiff and concluded that Plaintiff had two medically determinable impairments—"cognitive d/o NOS, provisional" and "antisocial personality d/o"—but these impairments were not significant. (Tr. at 295, 301.) Dr. Bailey concluded that Plaintiff had the RFC to "learn more complex tasks with time" and that Plaintiff would benefit from "spoken instruction or working from a list," working "away from large groups of coworkers or general public," and from "fair and consistent supervision." (Tr. at 310.) To the extent that the ALJ gave little weight to Drs. Arnold, Mabee, and Holmes' diagnoses, the ALJ was only required to provide "specific and legitimate" reasons for doing so.

**a. Dr. Arnold**

Plaintiff argues that the ALJ erred by not giving greater weight to Dr. Arnold's diagnoses of Plaintiff's psychological disorders and Dr. Arnold's opinion that Plaintiff's impairments resulted in several moderate and marked limitations. It is true Dr. Arnold diagnosed Plaintiff with cognitive disorder NOS (provisional) and antisocial personality

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6

disorder. (Tr. at 272.) Regarding Plaintiff's cognitive and social factors, Dr. Arnold also opined that Plaintiff's "personality features," "anger management problems," and "lack of remorse/emotion" led to several "moderate" and "marked" limitations. (Tr. at 273.) The ALJ, however, did not err in giving little weight to Dr. Arnold's diagnoses and opinions because the ALJ provided specific and legitimate reasons for rejecting Dr. Arnold's opinions.

First, the ALJ noted that Dr. Arnold's diagnoses and assessment of Plaintiff's limitations were not internally consistent. In the same report cited by the Plaintiff to support his argument, Dr. Arnold opined that Plaintiff was capable of performing many tasks despite his impairments. Specifically, Dr. Arnold stated, "[Plaintiff] can understand and carry out simple instructions. If working independently he could carry out more complicated tasks if he has a written list to follow. He would function best in positions that have minimal contact with supervisors, co-workers, and the general public. He can rely on the bus for transportation." (Tr. at 273.) Internal inconsistency is a legitimate reason to give little weight to a medical opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding that an ALJ may cite internal inconsistencies in evaluating a physician's opinion).

Second, the ALJ reasoned that Dr. Arnold's opinions were based on Plaintiff's self-reporting and that Plaintiff had a tendency to over report his symptoms. Plaintiff does not dispute the ALJ's finding that he was not credible. (Tr. at 26.) Concluding that a physician's opinion is based on the self reporting of an incredible claimant is another legitimate reason for rejecting the physician's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible.").

Third, the ALJ noted that Dr. Arnold's diagnoses were inconsistent with Plaintiff's daily activities. As noted by the ALJ, during Plaintiff's period of alleged disability, he was able to read books, watch movies and online shows, browse the internet, and play with his daughter. (Tr. at 24.) Concluding that a claimant's daily activities are

inconsistent with a medical opinion is a legitimate reason for rejecting the opinion. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working."). Plaintiff points out that his fiancé performs most household chores, but this does not prove that Plaintiff is mentally disabled. Plaintiff does not challenge the ALJ's findings concerning his physical limitations. Plaintiff's ability to comprehend and follow books, movies, and internet shows, and to navigate internet websites demonstrates an ability to concentrate and process information that belie his claim of disabling mental impairments.

Fourth, the ALJ gave little weight to Dr. Arnold's opinion because Dr. Arnold's opinion did not take into account Plaintiff's marijuana use (presumably because Plaintiff did not disclose his marijuana use to Dr. Arnold). The fact that Dr. Arnold failed to take into account Plaintiff's history of substance abuse is another legitimate for giving less weight to Dr. Arnold's opinions.

In sum, the ALJ provided specific and legitimate reasons for giving little weight to Dr. Arnold's opinions.

**b. Dr. Mabee**

Plaintiff argues that the ALJ erred in rejecting Dr. Mabee's opinions. *See* ECF No. 17 at 16. The ALJ, however, did not reject all of Dr. Mabee's opinions. To the contrary, the ALJ gave "significant weight" to the majority of Dr. Mabee's opinions, including Dr. Mabee's observations that "[Plaintiff] is capable of understanding and carrying out simple instructions. . . . He can work without close supervision and not disrupt others. He would work best in positions that have minimal interaction with others. He can use the bus for transportation." (Tr. at 317.) The only part of Dr. Mabee's opinion rejected by the ALJ was

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8

1  Dr. Mabee's opinion that "[Plaintiff] can only concentrate for short periods of time." (Tr. at
2  317.)
3     The ALJ provided specific and legitimate reasons for rejecting Dr. Mabee's opinion
4  regarding Plaintiff's ability to concentrate. The ALJ noted that Dr. Mabee's opinion was
5  contradicted by both Plaintiff's daily activities and the "overall evidence of record." (Tr. at
6  28.) As discussed above, a claimant's performance of daily activities that contradict a medical
7  opinion provides a legitimate reason for rejecting the opinion. *Fair*, 885 F.2d at 603.
8  Furthermore, an ALJ may discredit medical opinions that are "conclusory, brief, and
9  unsupported by the record as a whole." *Batson*, 359 F.3d at 1195.  As pointed out by
10 Defendant, "Dr. Mabee was the only medical source who thought Plaintiff could only
11 concentrate for short periods." ECF No. 18 at 8. Dr. Mabee's opinion regarding Plaintiff's
12 ability to concentrate was conclusory and unsupported by the record as a whole. The ALJ
13 applied the correct legal standards in weighing Dr. Mabee's opinions.

14    **c. Dr. Holmes**

15    Plaintiff briefly references Dr. Holmes' opinion in which she rated Plaintiff's Global
16 Assessment of Functioning (GAF) at 50 and provisionally diagnosed Plaintiff with
17 posttraumatic stress disorder, polysubstance abuse, antisocial personality disorder, and
18 borderline personality disorder. ECF No. 17 at 15 (citing Tr. at 432). Plaintiff provides no
19 additional argument concerning the ALJ's treatment of Dr. Holmes' opinions.  In any case,
20 Dr. Holmes' opinions are wholly unhelpful to Plaintiff. In a thorough report, Dr. Holmes
21 detailed Plaintiff's history of personal relationships, substance abuse, and legal problems.
22 Dr. Holmes also observed that that Plaintiff had a "tendency to over-endorse symptoms" and
23 may have been "attempting to produce exaggerated or false memory symptoms." (Tr. at 431.)
24 In making her provisional diagnoses, Dr. Holmes again emphasized that Plaintiff "may be
25 intentionally producing or grossly exaggerating his reports of memory symptoms which
26 could be an attempt to avoid work and/or continue receiving disability benefits." (Tr. at 433.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9

Although Plaintiff cites to Dr. Holmes' opinion in support of his argument that he "is more limited from a psychological standpoint that what was determined by the [ALJ]" (ECF No. 17 at 13-14), the Court finds that Dr. Holmes' opinion does not support Plaintiff's argument.

**2. Does substantial evidence support the ALJ's conclusion that Plaintiff's mental impairments do not preclude him from working?**

Substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairments do not preclude him from working. Both Dr. Arnold and Dr. Mabee concluded that Plaintiff could carry out simple instructions and work without close supervision so long as he had only minimal interaction with coworkers and the general public. (Tr. at 273, 317.) These conclusions are consistent with the conclusion of Dr. Bailey who opined that Plaintiff could "learn more complex tasks with time," and also noted that Plaintiff would benefit from "spoken instruction or working from a list," "fair and consistent supervision," and working "away from large groups of coworkers or general public." (Tr. at 310.) Plaintiff's argument that he is "more limited from a psychological standpoint" is simply based on an alternative reading of the evidence. (ECF No. 17 at 13.)  The Court, however, "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record . . . [e]ven when the evidence is susceptible to more than one rational interpretation." *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012).  Plaintiff fails to prove that the ALJ's findings are not supported by inferences reasonably drawn from the record. The Court finds that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Summary Judgment, filed April 15, 2013, **ECF No. 18**, is **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10

1  2. Plaintiff's Motion for Summary Judgment, filed February 27, 2013, **ECF No. 17**,
2  is **DENIED**.
3      The District Court Executive is directed to file this Order and provide copies to
4  counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED.**
5      **DATED** this 3rd day of October, 2013.

6
7                                    s/ Wm. Fremming Nielsen
                                      WM. FREMMING NIELSEN
8  10-01-13                    SENIOR UNITED STATES DISTRICT JUDGE

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11